In re

DOUGLAS V. McGRUDER and
-3456
                                        Debtor

MAYRENE C. McGRUDER
-4360
                                        Joint Debtor

Case No. _____
Chapter    13

**PLAN SUMMARY**
*For informational purposes only*
ACP: _____ Months
Minimum Plan Length:    60 Months
Plan payment:    $  $ 700.00  per Month
Minimum dividend to Class 9 Creditors    $  $ 4,478.83
Percentage of Tax Refunds committed    none %

## CHAPTER 13 PLAN

[✓] Original   OR   [ ] Pre-Confirmation Modification  #____   [ ] Post-Confirmation Modification  #____

**NOTICE TO CREDITORS:**
YOUR RIGHTS MAY BE AFFECTED. THIS PLAN MAY BE CONFIRMED AND BECOME BINDING WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED.
READ THIS DOCUMENT CAREFULLY AND SEEK THE ADVICE OF AN ATTORNEY.

I. **STANDARD MODEL PLAN: INCORPORATION OF ADDITIONAL TERMS, CONDITIONS AND PROVISIONS: ALTERATIONS NOTED:**

   A. THIS PLAN IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS WHICH MAY BE FOUND AT WWW.13EDM.COM or WWW.MIEB.USCOURTS.GOV.

   INTERESTED PARTIES MAY ALSO OBTAIN A WRITTEN COPY OF THE ADDITONAL TERMS, CONDITIONS AND PROVISIONS APPLICABLE TO CHAPTER 13 PLANS FROM DEBTOR'S COUNSEL UPON WRITTEN REQUEST.

   B. This Plan conforms in all respects to the Standing Chapter 13 Trustees' Model Plan which is referenced in Administrative Order 12-05 issued by the U.S. Bankruptcy Court for the Eastern District of Michigan. Those sections of this Plan that vary from the Model Plan are listed in this paragraph (any alterations not stated in this section are void):

   _____
   _____

II. **APPLICABLE COMMITMENT PERIOD; PLAN PAYMENTS; PLAN LENGTH; EFFECTIVE DATE AND ELIGIBILITY FOR DISCHARGE:**

   A. [ ] Debtor's Current Monthly Income exceeds the applicable State medium income. Debtor's Applicable Commitment Period is 60 months. Debtor's Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

   [✓] Debtor's Current Monthly Income is less than or equal to the applicable State medium income. Debtor's Applicable Commitment Commitment Period is 36 months. Debtor's Plan Length shall be  60  months from the date of entry of the Order Confirming Plan. This is a minimum Plan length. If the Plan has not been completed in the minimum Plan length, the Plan length shall be extended as necessary for completion of the requirements of the Plan; provided that in no event will the Plan term continue beyond 60 months from the date of entry of the Order Confirming Plan. *See Paragraph J of the Additional Terms, Conditions and Provisions for additional information regarding Completion of Plan.*

   If neither or both of the above boxes is checked, then the Applicable Commitment Period and the Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

   B. Debtor's plan payment amount is    $    700.00  per month.

   C. Future Tax Refunds. *See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns.*

   FOR CASES ASSIGNED TO FLINT DIVISION: *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*

   1  [ ]  Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.

   2  [ ]  Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.

   3  [✓]  Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a pro-ration for anticipated Federal Tax Refunds. Debtor is not required to remit Federal Tax Refunds in excess of the amount of the proration shown on Schedule I.

D. ☐ if the boxes to the immediate left is "checked", the debtor acknowledges that the debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

☐ if the boxes to the immediate left is "checked", the joint debtor acknowledges that joint debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

E. ☐ if the box to the immediate left is "checked", the debtor or joint debtor is self-employed AND incurs trade credit in the production of income from such employment. Debtor shall comply with the requirements of Title 11, United States Code, and all applicable Local Bankruptcy Rules regarding operation of the business and duties imposed upon the debtor.

III. **DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

A. Class One – TRUSTEE FEES as determined by statute.

B. Class Two – ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEY FEES AND COSTS:

1. PRE-CONFIRMATION ATTORNEY FEES: At confirmation of the Plan, Counsel shall elect to either:
   - ☑ a. n lieu of filing a separate fee application pursuant to 11 USC §327 and §330, accept the sum of $3,500.00 for services rendered plus $345.00 for costs advanced by Counsel, for total Attorney Fees and Costs of $3,845.00 through the Effective date of the Plan. The total Attorney Fees & Costs less the sum of $345.00 leaving a net balance due of $3,500.00, will be paid as an Administrative Expense Claim; or
   - ☐ b. Request an award of compensation for services rendered and recovery of costs advanced by filing a separate Application for Compensation for services rendered up through the date of entry of the Order Confirming Plan pursuant to 11 USC §327 and §330. If Counsel elects to file a fee application pursuant to this sub-paragraph, the Trustee shall escrow $_____ for this purpose. *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

2. POST-CONFIRMATION ATTORNEY FEES: *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

3. RETENTION OF OTHER PROFESSIONALS FOR POST-PETITION SERVICES: Debtor ( ) has retained or ( ) intends to retain the services of _____ (name of person to be retained? As _____ (capacity or purpose for retention) to perform professional services post-petition with fees and expenses of the professional to be paid as an Administrative Expense. *See Paragraph C of the Additional Terms, Conditions and Provisions for additional information.*

4. OTHER ADMINISTRATIVE EXPENSE CLAIMS: Any administrative expense claim approved by the Order of Court pursuant to 11 USC §503 shall be paid as a Class Two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.*

C. Class Three – SECURED CLAIMS TO BE STRIPPED FROM THE COLLATERAL AND TREATED AS UNSECURED CLAIMS TO BE PAID BY TRUSTEE. If the Debtor and the Lienholder agree to the lien strip, the Debtor and Lienholder shall file a Stipulation in the bankruptcy case and submit a proposed Order accomplishing the lien strip. If the Debtor does not have the agreement of the Lienholder, then Debtor shall time file an Adversary Proceeding as required by the Administrative Orders, Guidelines and Procedures promulgated by the Bankruptcy Court for the Eastern District of Michigan. *See Paragraph G and Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

| Creditor | Collateral |
|---|---|
|  |  |
|  |  |
|  |  |

D. Class Four – SECURED CLAIMS ON WHICH THE LAST CONTRACTUAL PAYMENT IS DUE BEYOND THE LENGTH OF THE PLAN. 11 USC §1322(B)(5).

1. Continuing Payments that come due on and after the Order for Relief *(See Paragraph P, Paragraph L and Paragraph EE of the Additional Terms, Conditions and Provisions for additional information)*:

| Creditor | Collateral | Monthly Payment | Direct, Via Trustee or Surrendered |
|---|---|---|---|
| Select Portfolio Services | Residence | $ 750.00 | Direct |
|  |  | $ - | - |

2. Pre-Petition Arrearages to be paid by Trustee: Those amounts which were due as of the filing of the Order for Relief:

| Creditor | Collateral | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|
| None |  | $ - |  |  |
|  |  |  |  |  |

Chapter 13 Model Plan – version 3.0

E. Class Five - SECURED CLAIMS ON WHICH THE LAST PAYMENT WILL BECOME DUE WITHIN THE PLAN DURATION. 11 USC §1322( c)(2). *(See Paragraph H, Paragraph L and Paragraph O of the Additional Terms, Conditions and Provisions for additional information):*

1 Creditors to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(B):

| Creditor/Collateral | Indicate if modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid including interest | Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| Ally Financial | | $11,500.00 | 3.75% | $ 12,360.00 | $ 206.00 | via Trustee |
| Capital One Auto Finance | | $8,500.00 | 3.75% | $ 9,060.00 | $ 151.00 | via Trustee |
| | | | | | | |
| | | | | | | |

2 Creditors not to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(A):

| Creditor/Collateral | Indicate if modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid including interest | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| Charter Township of Flint | | $82,800.00 | 9.00% | 989.01 + interest | n/a - prorata | via Trustee |
| Genesee County Treasurer | | $82,800.00 | 9.00% | 8245.56 + interest | n/a - prorata | via Trustee |
| Internal Revenue Service | Modified | $90.00 | 9.00% | 90.00 + interest | n/a - prorata | via Trustee |
| | | | | | | |

F. Class Six - EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES. 11 USC §§365, 1322(B)(7): - Debtor assumes the executory contracts and unexpired leases listed in subparagraph 1. *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information.):*

1 Continuing Lease/Contract Payments:

| Creditor | Property | Monthly Payment | Lease/Contract expiration date | Direct or Via Trustee |
|---|---|---|---|---|
| | | | | |
| | | | | |

2 Pre-petition Arrearages on Assumed Executory Contracts and Leases *(to be paid by Trustee):*

| Creditor | Property | Arrears Amount | Estimated Average Monthly Payment | Months to Cure from Confirmation Date |
|---|---|---|---|---|
| | | | | |
| | | | | |

3 Debtor rejects the executory contracts and unexpired leases listed in this subparagraph 3. Any unexpired lease or executory contract that is neither expressly assumed in Class 6.1 above or expressly rejected below shall be deemed rejected as of the date of confirmation of debtor's chapter 13 plan to the same extent as if that unexpired lease or executory contract was listed below. *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor | Property |
|---|---|
| | |
| | |

G. Class Seven - PRIORITY UNSECURED CLAIMS. 11 USC §§507, 1322(a)(2).

1 Domestic Support Obligations: Continuing Payments that come due on and after the date of the Order for Relief:

| Creditor | Monthly Payment | Direct or Via Trustee |
|---|---|---|
| | | |
| | | |

2 Domestic Support Obligations: Pre-Petition Arrearages due as of the filing of the Order for Relief:

| Creditor | Arrears Amount | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|
| | | | |
| | | | |

3 All Other Priority Unsecured Claims. [11 USC §1322(a)(2)]

| Creditor | Amount | Direct or Via Trustee |
|---|---|---|
| | | |
| | | |

Chapter 13 Model Plan - version 3.0

H. Class Eight - SEPARATELY CLASSIFIED UNSECURED CLAIMS. 11 USC §1322(b)(1)

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
|  |  |  |  |

I. Class Nine - GENERAL UNSECURED CLAIMS *(to be paid by Trustee):* - See Paragraph N of the Additional Terms, Conditions and Provisions for additional information.

- [✓] This plan shall provide a total sum for distribution to creditors holding Class 9 General Unsecured claims in an amount that is not less than the Amount Available in Chapter 7 shown on Attachment 1, Liquidation Analysis and Statement of Value of Encumbered Property (the "Unsecured Base Amount"). This Plan shall provide either (i) the Unsecured Base Amount; or (ii) will Continue for the full Plan Length as indicated in Paragraph II.A of this Plan, which ever yields the greater payment to Class 9 Unsecured Creditors. *See Attachment 2, Chapter 13 Model Worksheet, Line 8, for additional information concerning funds estimated to be available for payment to Class 9 Unsecured Creditors.*

- [ ] This plan shall provide a dividend to holders of Class 9 General Unsecured Claims equal to 100% of allowed claims.

If neither box is checked or if both boxes are checked, then the plan shall pay the Unsecured Base Amount.

IV. **OTHER PROVISIONS:**

A. [ ] If the box to the immediate left is "checked", creditors holding claims in Class Seven, Eight and Nine shall receive interest on their allowed claims at the rate of _____ % per annum as required by 11 USC §1325(a)(4).

B. *Insert as necessary.*

/s/ James L. Rowe     P-30009
Attorney for Debtor(s)
2321 Corunna Rd.
Street Address
Flint, MI 48503-3310
City, State and Zip Code
jrowe@debtstopper.com
E-Mail Address
(810) 235-4745
Phone Number

_____
Debtor

_____
Joint Debtor

August 30, 2014
Date

# ATTACHMENT 2

## CHAPTER 13 MODEL WORKSHEET
## LOCAL BANKRUPTCY RULE 3015-1(B)(2) E.D.M.

1. Length Of Plan is: <u>60</u> Months & <u>2</u> Months Preconfirmation

2. Initial Plan Payment:
   $ <u>700.00</u> per month x <u>60</u> months = $ <u>42,000.00</u>

   Step Payment #1
   Debtor #1: $ <u>-</u> per month x <u>0</u> months = $ <u>    -    </u>

   Step Payment #2
   Debtor #2: $ <u>-</u> per month x <u>0</u> months = $ <u>    -    </u>

3. Additional Payments:
   $ <u>700.00</u> per month x <u>2</u> months preconfirmation = $ <u>1,400.00</u>

4. Lump Sum Payments = $ <u>    -    </u>

5. Total to be paid into Plan (total of lines 2 through 4)      $ <u>43,400.00</u>

6. Estimated Disbursements other than to Class 9 General Unsecured Creditors

   a. Estimated Trustee Fees      $ <u>1,953.00</u>

   b. Estimated Attorney Fees and costs
      through confirmation of plan      $ <u>3,500.00</u>

   c. Estimated Attorney Fees and costs
      Post-confirmation through duration of Plan      $ <u>    -    </u>

   d. Estimated Fees of Other Professionals      $ <u>    -    </u>

   e. Total mortgage and other continuing secured
      debt payments $ <u>    -    </u> Monthly x    Months      $ <u>    -    </u>

   f. Total non-continuing secured debt payments      $ <u>29,600.16</u>
      Interest payments:      $ <u>3,868.01</u>

   g. Total Priority Claims      $ <u>    -    </u>

   h. Total arrearage claims      $ <u>    -    </u>

7. Total Disbursements other than to Class 9 General Unsecured Creditors
   (Total of lines 6.a through 6.h)      $ <u>38,921.17</u>

8. Funds *estimated* to be available for Class 9 General Unsecured Creditors
   (Line 5 minus Line 7)      $ <u>4,478.83</u>

9. Estimated dividend to Class 9 General Unsecured Creditors
   in Chapter 7 proceeding (see liquidation analysis on page attached)      $ <u>    -    </u>

COMMENTS:

Total Estimated General Unsecured Claims:      $ <u>82,434.25</u>
Estimated Percentage Repayment to General Unsecured Claims:      <u>5</u>%

| | | | | |
|---|---|---|---|---|
| $ 668.50 | - | | 0.0486 | $ - |
| | - | | 29,600.16 | |
| 5.236 | - | 5.236 | 627.31 | |
| | - | | 30,227.47 | |
| | | | 50.065 | |

In re Douglas V. and Mayrene C. McGruder  
Debtor

Case No. _____  
(If known)

## LIQUIDATION ANALYSIS

| DESCRIPTION OF PROPERTY | FMV | LIEN | EQUITY | Residence (1) | Vehicle (2) | Household Items (3) | Jewelry (4) | Other (5) | Vehicle (2) |
|---|---|---|---|---|---|---|---|---|---|
| Residence | $ 82,800 | $ 82,800 | $ - | - | | | | - | |
| | - | - | - | | - | | | | - |
| 2010 Pontiac G6 | 11,500 | 11,268 | 232 | | 232 | | | | - |
| 2008 Chevy Silverado | 8,500 | 8,245 | 255 | | 255 | | | | - |
| | - | | - | | | | | - | |
| Misc. Household Goods | 3,500 | | 3,500 | | | 3,500 | | | |
| | - | | - | | | | | - | - |
| Clothes | 700 | | 700 | | | 700 | | | |
| Checking Account | 25 | | 25 | | | | | 25 | |
| Misc. Jewelry | 1,300 | | 1,300 | | | | 1,300 | - | |
| | - | | - | | | | - | - | |
| Cash on Hand | 90 | | 90 | | | | | 90 | |
| Checking & Savings | 80 | | 80 | | | | | 80 | |
| | - | | - | | | | | - | |
| Accrued Tax Refunds | 95 | | 95 | | | | | 95 | |
| Checking & Savings | 255 | | 255 | | | | | 255 | |
| | | | $ 6,532 | - | 487 | 4,200 | 1,300 | 545 | - |

| | Residence | Vehicle | Household | Jewelry | Other | Vehicle |
|---|---|---|---|---|---|---|
| Exemptions Available | 43,250 | 3,450 | 23,050 | 2,900 | 2,300 | 3,450 |
| Carryovers | (23,050) | - | - | - | 23,050 | - |
| Net Exemption | 20,200 | 3,450 | 23,050 | 2,900 | 25,350 | 3,450 |
| Non-Exempt Property | - | - | - | - | - | - |

Total Non-Exempt Property $ -  
Less: Costs of Sale -  
Net Distribution -  
Less: Administrative -  
Less: Priority -  
Net Estate $ -

14-32401-dof    Doc 4    Filed 09/02/14    Entered 09/02/14 15:14:59    Page 6 of 6